IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 27 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01111-OES

EUGENE NAVARRO, JR.,

Applicant,

v.

RON LEYBA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Eugene Navarro, Jr., is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Navarro filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). The court must construe the application liberally because Mr. Navarro is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Navarro will be ordered to file an amended application.

Mr. Navarro is challenging the validity of his 1998 conviction in the Boulder County District Court. He asserts three claims for relief. It is not clear from the application whether he has exhausted state remedies as to each of his claims on direct appeal or in his two postconviction motions. He fails to state his claims clearly and to

assert specific facts in support of the asserted claims. For example, Mr. Espinoza's first claim, and the allegations in support of the first claim, make no sense. He also fails to allege facts to support a claim that his constitutional rights were violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires Mr. Navarro to go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Navarro also provides confusing information regarding when his conviction was affirmed on direct appeal and the two postconviction motions he alleges he filed. For example, Mr. Espinoza apparently alleges that the Colorado Court of Appeals affirmed the judgment of conviction on direct appeal on November 15, 2001, and that the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on July 15, 2001, or the petition was withdrawn in October 2001. Obviously, the Colorado Supreme Court could not have denied certiorari review before the Colorado Court of Appeals issued its order, and if the petition was withdrawn in October 2001, it could not have been denied on July 15, 2001. Regarding the postconviction motions, Mr. Espinoza fails to allege which claims were raised in which motion and when each motion was denied, information the court needs to determine whether the instant action is filed in a timely manner.

Therefore, Mr. Espinoza will be ordered to file an amended application in which he clarifies the precise claims he is asserting and the specific facts that support each asserted claim. For any postconviction motion that Mr. Espinoza wishes to have the

court consider in determining whether the instant action is timely filed, he must allege when the motion was filed, when it was denied, why it was denied, whether he appealed from the denial of the motion, when the appeal was decided, and why the order denying him postconviction relief was affirmed on appeal.

In addition, Mr. Espinoza must demonstrate in the amended application that he has exhausted state remedies. *See* 28 U.S.C. § 2254(b)(1). An application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Mr. Espinoza's asserted claims do not appear to have been raised on direct appeal and he alleges that he has not appealed from the denial of his postconviction motions. Therefore, it is unclear whether he has fairly presented each of his claims to the state's highest court and, therefore, whether he has exhausted state remedies. Accordingly, it is

ORDERED that Mr. Navarro file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Navarro, together with a copy of this order, one copy of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Navarro fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 26th day of July, 2005.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01111-OES

Eugenio A. Navarro, Jr.
Prisoner No. 83708
Arkansas Valley Corr. Facility
PO Box 1000 – Unit 2
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 7/27/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk